IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN PRICHARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JIM MULLET, Sheriff; ) <br> JAMES RICHARDSON, Undersheriff of ) <br> Garvin County Sheriff's Office; TIM JOSLIN, ) <br> Jail Administrator; GREG MASHBURN, ) <br> District Attorney of Garvin County; ) <br> VICTORIA FREEMAN, Assistant DA; and ) <br> COREY MINOR, District Attorney of ) <br> Garvin County, ) <br> ) <br> Defendants. ) | Case No. CIV-24-00133-JD |

## ORDER

This civil rights action was filed by Plaintiff on February 5, 2024. [Doc. No. 1]. On February 26, 2024, Plaintiff filed a motion for leave to proceed in forma pauperis. [Doc. No. 7].

On March 11, 2024, Judge Green issued an order granting the motion and requiring Plaintiff to pay an initial partial filing fee—as required by statute, 28 U.S.C. § 1915(b)(1)—of $22.20 by April 1, 2024. [Doc. No. 8]. The order warned Plaintiff that his action was subject to dismissal without prejudice for failure to make the initial payment or show cause in writing for the failure to pay by the deadline. *Id.* at 2.

No initial partial filing fee or written show cause was filed timely by Plaintiff. As a pro se litigant, Plaintiff is held to the same rules and requirements as any other litigants. *See Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 176 (10th Cir. 1996) (explaining

that a pro se litigant's ignorance of the rules does not excuse him from following the rules). While a pro se party's pleadings are construed "liberally" and "held to a less stringent standard" than those drafted by attorneys, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Therefore, on April 4, 2024, Judge Green issued a Report and Recommendation recommending that the Court dismiss Plaintiff's action without prejudice for failure to pay the initial partial filing fee and for failure to comply with the court order. [Doc. No. 9 at 2]. On April 22, 2024, Plaintiff timely objected to the Report and Recommendation. [Doc. No. 10]. The Court thus reviews de novo the objected-to portions of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In the objection, Plaintiff acknowledges that he has not paid the initial partial filing fee. He contends that, due to being incarcerated, he is unable to pay the filing fee. Plaintiff asks that his action be allowed to proceed without initial payment and states he will pay the fee when he can. Unfortunately, the Court cannot allow the case to proceed as requested by Plaintiff as the filing fee is required by statutes, which bind the Court. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court *shall require* the parties instituting any civil action . . . to pay a filing fee of $350") (emphasis added); *id.* § 1915(b)(1) (explaining that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner *shall be required* to pay the full amount of a filing fee. The court *shall assess* . . . an initial partial filing fee of 20 percent . . . .") (emphasis added); *see also* Fed. R. Civ. P. 1.

However, the Court notes that the Report and Recommendation recommends dismissal without prejudice to refiling.

Having reviewed de novo the record, the Report and Recommendation, and the objection, the Court ADOPTS the Report and Recommendation and dismisses the action without prejudice to refiling.

IT IS SO ORDERED this 29th day of April 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE